Filed 9/8/25  P. v. Worthen CA2/7
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>MATTHEW ALBERT WORTHEN,<br><br>　　Defendant and Appellant. | B328773<br><br>(Los Angeles County<br>Super. Ct. No. MA060933) |

　　APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed and remanded with directions.

　　Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Matthew Albert Worthen appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1172.6.[1]  The superior court concluded Worthen failed to make a prima facie showing of eligibility.  We originally reversed the order denying Worthen's section 1172.6 petition based on the superior court's use of the preliminary hearing transcript and directed the court to issue an order to show cause and to hold an evidentiary hearing.

The Supreme Court granted the People's petition for review, and on July 16, 2025, it transferred the case to this court with directions to vacate our prior decision and reconsider the cause in light of its decision in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*).  We have done so and now affirm the order denying the petition for resentencing.  In an abundance of caution, and consistent with *Patton*, we remand with directions for the superior court to consider an amended petition should Worthen seek to file one.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

A.  *The Underlying Case*

The information charged Worthen with murder (§ 187, subd. (a)) and assault on a child causing death (§ 273ab,

---

[1]    All further statutory references are to the Penal Code.

[2]    For context, we provide some factual and procedural background from the prior appellate opinion, *People v. Worthen* (Oct. 6, 2015, B259319) [nonpub. opn.], affirming Worthen's

subd. (a)), alleging Worthen beat to death his girlfriend's two-year-old daughter.  At the preliminary hearing, the prosecution presented testimony from Worthen's girlfriend at the time that she left him alone in her home with her sleeping daughter for approximately 10 minutes.  The girlfriend observed Worthen come out of the bedroom as she returned home.  Her daughter almost immediately began moaning and became limp.  Her daughter died at the hospital.  The deputy medical examiner testified the cause of death was a homicide consistent with blunt force trauma.

On August 20, 2014, Worthen entered a negotiated plea of no contest to second degree murder.  At the time he entered his plea, the court advised Worthen of his constitutional rights and the nature and consequences of the plea, which he stated he understood.  Worthen's trial counsel joined in the waivers of Worthen's constitutional rights, concurred in the plea, and stipulated to a factual basis for the plea based on the police report in the case.  The trial court found that Worthen's waivers and plea were voluntary, knowing, and intelligent, and that there was a factual basis for the plea based on defense counsel's stipulation.

The trial court sentenced Worthen, in accordance with the plea agreement, to an indeterminate term of 15 years to life for second degree murder with no presentence custody credit because

conviction on direct appeal.  (See *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9 [reciting facts from prior appellate opinion "[f]or purposes of this appeal"].)  We do not consider the factual summary from our prior opinion in deciding whether Worthen established a prima facie case.  (See *People v. Clements* (2022) 75 Cal.App.5th 276, 293.)

Worthen waived the custody credit he had earned. The court ordered Worthen to pay statutory fines, fees, and assessments. The court dismissed the remaining count on the People's motion.

Worthen filed a notice of appeal in which he checked the preprinted box indicating his appeal was "'based on the sentence or other matters occurring after the plea.'" (*People v. Worthen* (Oct. 6, 2015, B259319) [nonpub. opn.].) We appointed counsel to represent him on appeal. After examination of the record, counsel filed an opening brief raising no issues and Worthen did not submit a supplemental brief raising any contentions or issues he wanted us to consider. (See *ibid.*) In an unpublished opinion, we affirmed the judgment against him pursuant to *Smith v. Robbins* (2000) 528 U.S. 259, 277-284, *People v. Kelly* (2006) 40 Cal.4th 106, 112-113, and *People v. Wende* (1979) 25 Cal.3d 436, 441. (*Worthen,* B259319.)

B.      *The Section 1172.6 Petition*

On October 5, 2022, Worthen filed a form petition for resentencing under section 1172.6. He checked boxes declaring an information was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory that allowed malice to be imputed to him based solely on his participation in a crime, he accepted a plea offer in lieu of a trial at which he could have been convicted of murder, and he could not presently be convicted of murder due to amendments to the Penal Code. The superior court appointed counsel to represent Worthen and directed the parties to file a response and reply to the petition. The People argued there was no indication that Worthen was prosecuted under any theory other than that

4

he was the actual killer, relying on the information, the preliminary hearing transcript, and this court's unpublished decision affirming the judgment. Worthen filed a reply disputing the People's argument.

The superior court denied the petition. It determined Worthen "was convicted of murder on his own plea in a case where it is clear from all of the documents contained in the court file and the pleadings, which the court will take judicial notice of . . . that he was prosecuted as the actual murderer and not under a theory of vicarious liability under [ ] felony murder, also not as natural [and] probable consequences. He's not entitled to relief. Therefore, the petition is denied."

Worthen timely appealed the denial of his petition.

## C.   *The Appellate Proceedings*

On May 9, 2024, we issued an opinion that reversed the order summarily denying Worthen's section 1172.6 petition and directed the superior court to issue an order to show cause and hold an evidentiary hearing on Worthen's petition. In reaching our decision, we noted that "[w]hether and how a superior court may consider a preliminary hearing transcript (or similar document) in making its prima facie determination has divided the Courts of Appeal," and that the issue was currently pending before the California Supreme Court. (*People v. Worthen* (May 9, 2024, B328773) [nonpub. opn.], at pp. 10, 13.) We concluded that "until the high court rules," we would follow the line of cases holding that a superior court may not rely on the preliminary hearing transcript to summarily deny a section 1172.6 petition. (*Id*. at p. 13.)

5

On July 17, 2024, the California Supreme Court granted the People's petition for review and deferred action in the matter pending its decision in *Patton, supra,* 17 Cal.5th at page 564. On July 16, 2025, after the Court issued its decision in *Patton,* it transferred the case to this court with directions to vacate our previous decision and reconsider the cause in light of *Patton.*

Pursuant to California Rules of Court, rule 8.200(b), Worthen's appointed counsel filed a supplemental brief after transfer, requesting we remand the case with directions to the superior court to consider an amended petition should Worthen seek to file one within 30 days. The People filed a supplemental brief stating that "respondent does not oppose appellant's request for this Court to conditionally affirm the denial of appellant's petition but remand the matter to the trial court to permit appellant the opportunity to plead additional facts in support of an amended petition."

## DISCUSSION

A.     *Standard of Review and Governing Law*

We review de novo an order denying a petition under section 1172.6 at the prima facie stage without issuing an order to show cause. (See *People v. Hickman* (2025) 110 Cal.App.5th 1262, 1268; *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, changed the law of murder by eliminating the natural and probable consequences doctrine (see *People v. Gentile* (2020) 10 Cal.5th 830, 842, 847-848) and significantly narrowing the scope of the felony-murder rule (see *People v. Strong* (2022) 13 Cal.5th 698, 707-708). Section 1172.6 provides a resentencing

6

procedure for certain persons who were convicted of murder, attempted murder, or manslaughter under the pre-2019 murder laws.  (See *Patton, supra*, 17 Cal.5th at p. 558; *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*); *People v. Lezama* (2024) 101 Cal.App.5th 583, 590.)

Generally, the actual perpetrator of the murder is ineligible for resentencing as a matter of law.  (See *Patton, supra*, 17 Cal.5th at p. 563; see generally *People v. Delgadillo* (2022) 14 Cal.5th 216, 233, citing § 1172.6, subd. (a) [as petitioner was the "actual killer and the only participant in the killing," he was not convicted under an invalid theory and could not have made a prima facie showing of relief]; *People v. Myles* (2021) 69 Cal.App.5th 688, 692-694 [affirming denial of resentencing because defendant admitted at parole suitability hearing that she was the actual killer; defendant therefore was "'directly liable,'" "'not vicariously liable'"]; but see *People v. Nino* (2025) 111 Cal.App.5th 844, 854 [although defendant was the actual killer, he was eligible for resentencing where the record disclosed he could have been convicted of second degree felony murder based on the felony offense of grossly negligent discharge of a firearm].)

A section 1172.6 petition must include "[a] declaration by the petitioner that the petitioner is eligible for relief under this section" and indicate "[w]hether the petitioner requests the appointment of counsel."  (§ 1172.6, subds. (b)(1)(A), (C).)  On receiving such a petition, the court "shall appoint counsel" if requested and assess "whether the petitioner has made a prima facie case for relief."  (§ 1172.6, subds. (b)(3), (c).)

"[A]fter the appointment of counsel, a court looks beyond the face of the petition."  (*Patton, supra*, 17 Cal.5th at p. 563.)

The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, 11 Cal.5th at p. 971; see *People v. Curiel* (2023) 15 Cal.5th 433, 463-464.)  "[T]he record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea." (*Patton*, at p. 568.)  "[P]etitioners confronting a record of conviction that demonstrates relief is unavailable have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail.  It follows . . . that should a trial court encounter a material fact dispute, the court may not resolve that dispute at the prima facie stage and should instead grant petitioner an evidentiary hearing, assuming relief is not otherwise foreclosed." (*Id.* at p. 567; accord, *Lewis*, at p. 972 ["In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'"].)

"[A] section 1172.6 petitioner who, despite having access to counsel upon submission of a facially sufficient petition, offers only conclusory allegations of entitlement to relief, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing.  Where facts from the record of conviction are undisputed, accepting them over contrary legal allegations that are merely conclusory is not "'factfinding involving the weighing of evidence or the exercise of discretion.'"" (*Patton, supra*, 17 Cal.5th at pp. 565-566, fn. omitted.)  Under these

8

circumstances, a superior court may deny a section 1172.6 petition at the prima facie stage.  (See *ibid*.)

B.     *The Superior Court Properly Denied Worthen's Petition for Resentencing Under Section 1172.6*

As stated, in *Patton* the California Supreme Court resolved a conflict among the Courts of Appeal regarding the use of a preliminary hearing transcript at the section 1172.6 prima facie stage.  *Patton* held a superior court may "rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations" in determining at the prima facie stage whether a petitioner is eligible for relief under section 1172.6.  The high court concluded the petitioner in that case failed to make a prima facie showing because his petition contained only a checkbox declaration with legal conclusions, and he submitted no facts to controvert the People's showing from the preliminary hearing transcript that he was the sole perpetrator of the attempted murder.  (*Patton, supra,* 17 Cal.5th at p. 564.)  The Court affirmed the denial of the petition but "out of an abundance of caution," ordered the Court of Appeal to remand the matter to the superior court with directions for the superior court to consider an amended petition should the petitioner choose to file one.  (*Id*. at p. 569.)

In supplemental briefing, Worthen presents no argument for reversal, and he instead urges us to follow *Patton* and remand the case to the superior court with directions to consider an amended resentencing petition should Worthen seek to file one within 30 days.  The People argue that, "as a substantive matter, no new factual averments that appellant may make will render

9

him eligible for relief," but further state that they do not oppose Worthen's request for a conditional remand.

Accordingly, we affirm the superior court's denial of Worthen's petition, and we follow *Patton*'s disposition "out of an abundance of caution" and remand the matter to the superior court with directions to consider an amended petition should Worthen seek to file one. (*Patton, supra*, 17 Cal.5th at p. 569.)

## DISPOSITION

This matter is remanded to the superior court to consider an amended petition should Worthen, within 30 days of remand, seek to file one. We otherwise affirm the order denying Worthen's petition for resentencing.

MARTINEZ, P. J.

We concur:

SEGAL, J.                    FEUER, J.

10